**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LATOSHA A. WARD, *Plaintiff*, v. BOOZ ALLEN HAMILTON, *Defendant*. | Civil Action No. 25 - 2370 (LLA) |

**MEMORANDUM OPINION AND ORDER**

Dr. Latosha A. Ward, proceeding pro se, brings this action against Defendant Booz Allen Hamilton ("Booz Allen"). ECF No. 1. She alleges various legal claims related to her former employment with the company. *Id*. Pending before the court are Booz Allen's motion to dismiss, ECF No. 10; Dr. Ward's motions to strike, ECF Nos. 18, 19, which Booz Allen opposes, ECF No. 20; and Dr. Ward's motion for leave to file a supplement to her complaint, ECF No. 23, which Booz Allen opposes, ECF No. 24. For the reasons that follow, the court grants Booz Allen's motion to dismiss to the extent that the court dismisses Dr. Ward's complaint without prejudice for failure to comply with Federal Rule of Civil Procedure 8, but it grants Dr. Ward leave to file an amended complaint within thirty days. The court otherwise denies Booz Allen's motion without prejudice to reraising any arguments as they concern the amended complaint, and it denies Dr. Ward's pending motions as moot.

Rule 8(a) requires that a complaint include: (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)-(3). These

rules ensure that defendants have "notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although filings by pro se litigants are held to less stringent standards than those drafted by lawyers, all litigants must follow the Federal Rules. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).

A court may dismiss a complaint that fails to adhere to the requirements of Rule 8 either upon a motion or *sua sponte*. *See* Fed. R. Civ. P. 41(b); *see also Ciralsky v. Cent. Intel. Agency*, 355 F.3d 661, 669 (D.C. Cir. 2004) (noting that "Rule 41(b) authorizes the court to dismiss either a claim or an action because of the plaintiff's failure to comply with the Federal Rules"). "When a trial court concludes that an initial complaint fails to satisfy Rule 8, an appropriate remedy is to strike the complaint . . . and to provide the plaintiff with an opportunity to file an amended complaint that complies with the Rules." *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413-14 (D.D.C. 2017) (alteration in original) (quoting *Achagzai v. Broad. Bd. of Governors*, 109 F. Supp. 3d 67, 69 (D.D.C. 2015)), *aff'd sub nom.*, *Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017).

Dr. Ward's complaint fails to meet Rule 8(a)'s minimal pleading standards. First, the laundry list of legal authorities under which Dr. Ward seeks relief is untethered to her factual allegations, rendering it impossible for the court to discern which facts are intended to support which claims. Rather than stating distinct causes of action supported by her factual allegations, Dr. Ward provides a Table of Authorities listing over twenty federal and District of Columbia laws, federal regulations, and a Department of Defense policy. ECF No. 1, at 13-15.[1] To be sure,

[1] When citing ECF No. 1, the court refers to the CM/ECF-generated numbers at the top of each page rather than any internal pagination.

the court can discern that Dr. Ward intends to bring some number of employment discrimination claims based on some combination of protected characteristics. *Id.* at 80-83. But it is unclear whether she also intends to assert independent claims based on the remaining cited authorities, as many are only listed in passing in the complaint, and, as Booz Allen points out, many of these laws are facially inapplicable to Dr. Ward's case. *See* ECF No. 10-1, at 33-34 (explaining that several of the statutes and regulations only apply to government actors); *id.* at 35-36 (explaining that several of the listed authorities lack a private right of action).

For example, while Dr. Ward alleges "breaches" of the Family Education Rights and Privacy Act, 20 U.S.C. § 1232g, ECF No. 1, at 14, 81, she does not allege that Booz Allen is an "educational agency or institution" covered by that statute or otherwise explain how the statute applies to her case, *see* 20 U.S.C. § 1232g(a)(1)(A). She also lists several criminal statutes and claims that she is entitled to relief under 18 U.S.C. § 2327, which provides for mandatory restitution to victims of crimes. ECF No. 1, at 13. But it is well established that criminal statutes generally do not provide a basis for a plaintiff to bring a private civil action. *See Lee v. U.S. Agency for Int'l Dev.*, 859 F.3d 74, 77-78 (D.C. Cir. 2017) (per curiam) ("Although the express 'provision of a criminal penalty does not necessarily preclude implication of a private cause of action for damages,' such a provision in a 'bare criminal statute,' with no other statutory basis for inferring that a civil cause of action exists, is insufficient to imply Congress intended to create a concomitant civil remedy." (quoting *Cort v. Ash*, 422 U.S. 66, 79-80 (1975))); *see also Jackson v. Donovan*, 856 F. Supp. 2d 147, 149 (D.D.C. 2012). The same is true of the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the District of Columbia. *See* ECF No. 1, at 14. It is possible that Dr. Ward is only referencing some of these authorities to support her employment discrimination claims, particularly because she has listed them in a "Table of Authorities" that

immediately precedes a list of "Scholarly Texts." ECF No. 1, at 15-17. But the court cannot assess the plausibility of Dr. Ward's claims unless it can "readily discern what claims are being made in relation to what conduct." *Jiggetts*, 319 F.R.D. at 416; *see id.* at 417 ("The fact that there are multiple legal theories smooshed into each of the counts merely muddles matters, and thereby exacerbates the lack-of-clarity problem."). And even if the court could discern which claims Dr. Ward seeks to assert, her "myriad factual allegations are entirely divorced from the various legal claims that [she] assert[s]." *Id.* at 416.

Many of Dr. Ward's allegations sound in employment discrimination, primarily under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the D.C. Human Rights Act ("DCHRA"), D.C. Code § 2-1401.01 *et seq*. *See* ECF No. 1, at 3. But even as to her employment discrimination claims, there are "no well-pled factual allegations that describe this . . . streak of unlawful conduct with any degree of detail capable of providing 'fair notice' to Defendant[] as to the basis of this action." *Dalbis v. Pub. Emps. of Sec. & Intel. Servs. of Fr. & Eur.*, No. 24-CV-1434, 2024 WL 3338802, at *1 (D.D.C. July 9, 2024). Instead, Dr. Ward makes conclusory assertions that Booz Allen violated the law. *See, e.g.*, ECF No. 1, at 9 (stating that "marital status discrimination occurred from Booz Allen Hamilton on several occasions when an employer denies an employee employment or promotions, harasses, pays less, or otherwise takes negative employment action against an employee because of the employee's status as recently single or formerly married Veteran spouse who became divorced after her hire date"); *id.* at 10 (stating that Booz Allen violated the ADA because it "took both illegal and retaliatory actions against [Dr.] Ward for interviewing with a new Career Manager after experiencing discrimination from her current team" and then "create[ed] libel" as to "the reason for [her] termination[]"); *id.*

at 10 (asserting that "Booz Allen Hamilton continues to "defy federal, state, and local due process while spreading misinformation across local, national, and global systems and teams by unethically involving these unbeknownst agencies and its representatives with blatant libel, slander, extended discrimination, and retaliations"); *id.* at 11 (alleging generally that she "continues to be the target of retaliation that has resulted in extreme PHI, PII, and HIPPA violations and unjustified reviews and audits"). The Rule 8 pleading standard requires more than "an unadorned, the-defendant-unlawfully-harmed me accusation" or a "'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Thus, even as to the legal claims that arise out of Dr. Ward's underlying Equal Employment Opportunity Commission proceedings, Dr. Ward fails to allege specific facts tethered to each claim that could enable the court to assess the plausibility of her complaint. *See Jiggetts*, 319 F.R.D. at 417 (explaining that the legal standards for different discrimination statutes are "not interchangeable" and dismissing the complaint under Rule 8 where the plaintiff "did not take care to analyze the facts that give rise to each count or the legal standards upon which they turn").

What is more, Dr. Ward's factual allegations are obscured by irrelevant or extraneous material. *See, e.g.*, ECF No. 1 at 15-17 (list of "Scholarly Texts" including "Maslow's Hierarchy of Needs," resources for victims of domestic and sexual violence, and various government websites); *id.* at 60 (a screenshot of a time sheet that Dr. Ward alleges was "[a]ltered" to be late and non-compliant with company policy); *id.* at 61 (two Microsoft Outlook calendar entries for canceled meetings); *id.* at 79 (pictures of a group of people, including Dr. Ward, at a company event). Dr. Ward's factual statement spans over fifty pages of her complaint, in large part because the statement is peppered with over twenty "exhibits" that Dr. Ward describes as "[i]rrefutable evidence" of her claims. *See id.* at 22-80. But, at the pleading stage, a plaintiff is not required to

provide evidence of the truth of her allegations; rather, the complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "[B]ecause the [complaint] contains seemingly irrelevant and unnecessary facts, the actual factual basis of [Dr. Ward's] legal claims (whatever it may be) is obscured, which makes the pleading hopelessly confusing." *Jiggetts*, 319 F.R.D. at 415; *see Achagzai*, 109 F. Supp. 3d at 71 ("Where a complaint is insufficiently focused, it places an undue burden on the defendant to answer or move and it invites unnecessary delay and confusion in the proceedings.")

Dr. Ward's other filings only exacerbate this confusion. In her oppositions, rather than responding to the arguments in the motion to dismiss, Dr. Ward lists Booz Allen's attorneys' ethical responsibilities and disclosure obligations under Federal Rule of Civil Procedure 26. *See generally* ECF Nos. 13, 15. These arguments are both non-responsive to Booz Allen's motion to dismiss and they lack merit: Federal Rule of Civil Procedure 26 is inapplicable at this juncture because litigation has not yet proceeded past the pleading stage, and to the extent that Dr. Ward is suggesting that the attorneys representing Booz Allen have engaged in ethical misconduct, that contention is unsupported by the record. Nor does Dr. Ward's proposed supplemental complaint clarify the matter. In her proposed supplement, Dr. Ward states that she seeks to provide "additional factual allegations and violations that occurred subsequent to the original filing." ECF No. 23, at 1. But she appears to instead bring entirely new legal claims including post-filing retaliation (without specifying her cause of action or the alleged protective activity), "the illegal suppression of a whistleblower's claims under the ADA and ERISA," "[s]poliation," and "[p]ost-[f]iling [m]isinformation." *Id.* (internal quotation marks omitted).

Courts have not hesitated to reject pleadings with similar defects under Rule 8(a). *See, e.g.*, *Bell v. District of Columbia*, No. 23-CV-2036, 2024 WL 2846770, at *5 (D.D.C. June 5, 2024) (dismissing a complaint that required a "mighty endeavor to understand how the additional allegations connect to [the plaintiff's] legal claims, or how the allegations included under each count should fit in to the Complaint's overall narrative"); *Kelleher v. Regan*, No. 23-CV-1346, 2023 WL 8600507, at *1 (D.D.C. Nov. 27, 2023) (dismissing a complaint that "offer[ed] a 'rambling, disjointed, incoherent' discussion" (quoting *Jiggetts*, 319 F.R.D. at 413)); *Spence v. U.S. Dep't of Veterans Affs.*, No. 19-CV-1947, 2022 WL 3354726, at *12 (D.D.C. Aug. 12, 2022) (dismissing a complaint and explaining that the allegations in one count "linger[ed] on the minutiae of 'myriad seemingly irrelevant descriptions' of correspondence between [the plaintiff] and her supervisors about particular work assignments, rather than providing a coherent chronological retelling of the events underlying her termination" (citations omitted) (quoting *Jiggetts*, 319 F.R.D. at 415)), *aff'd*, 109 F.4th 531 (D.C. Cir. 2024); *Brown v. Wash. Metro. Area Transit Auth.*, 164 F. Supp. 3d 33, 35 (D.D.C. 2016) (dismissing a complaint *sua sponte*, after motions briefing, for being "unintelligible").

Booz Allen argues that the court should dismiss Dr. Ward's complaint with prejudice, ECF No. 10-1, at 37-38, and deny her motion for leave to supplement, ECF No. 24. It also argues that by failing to respond to its arguments in the motion to dismiss, Dr. Ward has conceded the motion to dismiss. *See* ECF No. 14, at 1. The court recognizes that Booz Allen did its best to parse an unintelligible complaint, but the motion to dismiss only underscores the court's Rule 8 conclusion because even Booz Allen does not know exactly what claims Dr. Ward seeks to bring. *See, e.g.*, ECF No. 10-1, at 16-17 (explaining that, because many of Dr. Ward's factual allegations are not connected to a specific date, Booz Allen was unable to assess whether they were timely); *id.* at 29

(arguing that "if [Dr. Ward] has alleged an [Equal Pay Act] claim, the Court should dismiss it"); *id.* at 29-30 (same for Dr. Ward's failure-to-accommodate claim).

Given Dr. Ward's pro se status, the court will permit Dr. Ward another opportunity to file a complaint that complies with Rule 8. *See Ciralsky*, 355 F.3d at 668-69. In her amended complaint, Dr. Ward must "distill[] the facts [and legal theories] into a coherent recitation of essential information," rather than "load[] up [her] pleading with every conceivable detail that relate[s] to any and all aspects of [her claims]." *Jiggetts*, 319 F.R.D. at 418. And she must clearly identify each cause of action and state the facts that support the elements of each legal claim. Dr. Ward is advised that if she files an amended complaint that repeats the missteps described above, the court will dismiss the case with prejudice. *See Brown*, 164 F. Supp. 3d at 35 (warning the plaintiff that if he "file[d] an amended complaint that merely recycle[d] the complaint [that had been previously dismissed under Rule 8,] it may be dismissed with prejudice" (quoting *Hamrick v. United States*, No. 10-CV-857, 2010 WL 3324721, at *1 (D.D.C. Aug. 24, 2010))).

For the foregoing reasons, it is hereby **ORDERED** that Booz Allen's Motion to Dismiss, ECF No. 10, is **GRANTED** to the extent that the court will dismiss Dr. Ward's complaint without prejudice but is otherwise **DENIED**. It is further **ORDERED** that Dr. Ward's Complaint, ECF No. 1, is **DISMISSED** without prejudice, but Dr. Ward is granted leave to file an amended complaint that complies with Federal Rule of Civil Procedure 8 on or before September 23, 2026.

Finally, it is further **ORDERED** that Dr. Ward's motions to strike, ECF Nos. 18, 19, and motion for leave to file a supplement to her complaint, ECF No. 23, are **DENIED** as moot.

**SO ORDERED.**

LOREN L. ALIKHAN
United States District Judge

Date: August 24, 2026